UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMIE LITTLEFIELD, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) Cause No:  4:21CV304SEP ) ) |
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, | ) ) ) |
|     Defendant. | ) ) |

# *PLAINTIFF AND DEFENDANT'S*
# *JOINT PROPOSED SCHEDULING PLAN*

COME NOW, Plaintiff Amie Littlefield and Defendant American Alternative Insurance Corporation, and for their Joint Proposed Amended Scheduling Plan pursuant to Doc. 32, respectfully state:

a.   Track Assignment.  The assignment to Track 2 is appropriate.

b.   Joinder of Additional Parties or Amendment of Pleadings. The parties shall move to join additional parties or amend pleadings by February 11, 2022.

c.   Discovery Plan.

    i.   Electronically Stored Information.  The parties are unaware at this point whether there will be electronically stored information.

    ii.  Agreements Regarding Privileged Information and/or Work Product – The parties agree that any inadvertent disclosure of documents protected by privilege or the work product doctrine shall not waive the privilege or protection before this Court or any state proceeding consistent with Fed. R. Evid. 502(d).

{02431561.DOCX;1}

iii. Rule 26(a)(1) Initial Disclosures. Rule 26(a)(1) initial disclosures have been exchanged. Initial written discovery has also been exchanged.

iv. Discovery in Phases or Limited to Certain Issues. The parties believe discovery should be conducted in phases regarding the following issues:

(1) The parties intend to receive information from State Farm Mutual Automobile Insurance Company regarding potential participation in this lawsuit by December 29, 2021.

(2) The parties intend to depose of an individual (wife of a patient in the rear of the ambulance) by January 31, 2022.

(3) Defendant may potentially raise a third-party action against State Farm.

v. Experts. The parties believe they should disclose experts serially.

(1) Disclosure of Plaintiff's Experts, Availability for Depositions. Plaintiff shall disclose her experts and submit expert reports by April 4, 2022. Plaintiff shall make such experts available for deposition by May 4, 2022.

(2) Disclosure of Defendant's Experts, Availability for Depositions. Defendant shall disclose its experts and submit expert reports by June 6, 2022. Defendant shall make such experts available for deposition by July 5, 2022.

vi. Presumptive Limits on Depositions and Interrogatories. The parties anticipate that the presumptive limits of 10 depositions per side as set forth in Fed.R.Civ.P. Rule 30(a)(2)(A) and 25 Interrogatories per party as set forth in Fed.R.Civ.P. Rule 33(a) will be reasonable and the parties propose that those limits shall apply in

        this case. The parties intend to meet and confer regarding any discovery which may exceed these limits.

    vii.    Physical or Mental Exams.  The parties anticipate a physical, and potential a mental (if Plaintiff places the same at issue), will be requested. Defendant shall request such examination(s) by May 11, 2022.

    viii.    Completion of Discovery.  All discovery shall be completed by August 5, 2022.

    ix.    Other Matters Related to Discovery.  The parties know of no other matters pertinent to discovery in this case.

d.    Referral to Mediation or Early Neutral Evaluation.  Plaintiff believes referral to ADR could be productive, but only after depositions of the parties and in determining the potential involvement of State Farm and/or the role the wife of the patient in the rear of the ambulance may have had in this matter. The parties propose an ADR referral date of January 31, 2022, and a termination date of April 18, 2022.

e.    Dispositive Motions.  The parties shall file dispositive motions, including Motions to Dismiss and/or Motions for Summary Judgment, and *Daubert / Kuhmo* motions, by September 6, 2022.

f.    Earliest Date for Trial.  The earliest date by which the case should reasonably be expected to be ready for trial would be by January 30, 2023.

g.    Length of Trial.  The parties anticipate that the case will require 3 days to try to verdict. Other Matters.  The parties know of no other matters which should be included in the Joint Scheduling Plan.

{02431561.DOCX;1}

| | |
|---|---|
| *B Winebright* | */s/ Robert T. Plunkert* |
| Brian M. Winebright #66337 | Robert T. Plunkert   #62064 |
| Cantor Injury Law, LLC | PITZER SNODGRASS, P.C. |
| Attorney for Plaintiff | Attorney for Defendant |
| 12283 Olive Blvd. | 100 South Fourth Street, Suite 400 |
| St. Louis, MO 63141 | St. Louis, Missouri 63102-1821 |
| 314-628-9999 (p) | (314) 421-5545 |
| 314-628-9990 (f) | (314) 421-3144 (Fax) |
| brian@cantorinjurylaw.com | Email: plunkert@pspclaw.com |