**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| AMIE LITTLEFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00304-SEP |
| ) | |
| AMERICAN ALTERNATIVE INSURANCE ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Sealing, Doc. 49.  For the reasons set forth below, the Motion is granted in part and denied in part.

### BACKGROUND

Plaintiff, a former Emergency Medical Technician, alleges that she was injured while in the rear of an ambulance that was transporting a now-deceased patient.  Defendant seeks to file two exhibits, Exhibit E[1] and Exhibit F,[2] to its Motion for Summary Judgment, Doc. 52, under seal.  Exhibit F is the Emergency Medical Services (EMS) Report for the patient that was being transported at the time of Plaintiff's injury.  Exhibit E is an excerpt of the deposition of that patient's spouse.

### LEGAL STANDARD

Under the Local Rules, "all pleadings, documents, and other materials received in the Office of the Clerk for filing must ultimately be filed in the public record," unless otherwise specified in the Local Rules[3] or ordered by the Court.  E.D. Mo. L.R. 13.05(A).  "The fact that certain information or material has been protected as confidential by parties in a case pursuant to a Protective Order is relevant to, but not dispositive of, whether . . . information or material will be sealed when filed with the Court."  E.D. Mo. L.R. 13.05(A)(3).  Any party

---

[1] Doc. 50-1 (filed under seal).

[2] Doc. 50-2 (filed under seal).

[3] The Local Rules require that certain materials *must* be filed under seal in civil cases.  *See* E.D. Mo. L.R. 13.05(B)(1).

1

that seeks to file any material under seal must submit an unsealed motion for sealing that describes generally the material sought to be sealed, the legal grounds for sealing, and the requested duration for the sealing. E.D. Mo. L.R. 13.05(A)(4)(a). The movant must also file under seal a memorandum in support, which "must state the specific legal and factual reasons justifying the sealing . . . ." E.D. Mo. L.R. 13.05(A)(4)(b)(i).

"There is a common-law right of access to judicial records" but the right is not absolute. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 453 U.S. 589, 597-98 (1978)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies . . . .'" *Id.* at 1222 (quoting *Nixon*, 453 U.S. at 598). Courts must decide whether there are "sufficient grounds to override the common-law right of access to justify" sealing judicial records. *Id.* at 1223.

"The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). In making that decision, the Court "consider[s] the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance the interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223 (citing *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). The presumption in favor of public access to judicial records may only "be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

DISCUSSION

I. **Exhibit F: EMS Report**

Defendant argues that the EMS Report should be sealed in its entirety because it contains sensitive private health information that is protected under the Health Insurance Portability and Accountability Act (HIPAA). Doc. 49 ¶¶ 3-4. HIPAA "was enacted in order to assure an individual's right to privacy in his or her medical records." *United States v.*

2

*Prentice*, 683 F. Supp. 2d 991, 1001 (D. Minn. 2010). It provides that "'a *covered entity* may not use or disclose protected health information, except as permitted or required' by [HIPAA's] regulations." *Id.* (quoting 45 C.F.R. § 164.502) (emphasis added). A "covered entity" is any health plan, any health care clearinghouse, or a health care provider that transmits protected health information in connection with a covered transaction. 45 C.F.R. § 160.103. In certain circumstances, a business associate of a covered entity may also be a covered entity. *See* 45 C.F.R. §§ 160.103. Notably absent from HIPAA's list of covered entities are federal courts and private litigants.

Defendant has provided no legal basis for holding that information that qualifies for protection in other contexts under HIPAA should always—or usually—be sealed when filed on a federal court docket. *See* E.D. Mo. L.R. 13.05 (it is the movant's burden to "state specific legal and factual reasons justifying sealing"). Without caselaw to support Defendant's position, the Court declines to enshrine that blanket rule. Therefore, the Court declines to seal Exhibit F on the basis that it is the kind of information that HIPAA protects.

This Court has previously had occasion to apply the Local Rule requiring the redaction of a *non-party's* personal identifying information from public filings. *See Hoffmann Bros. Heating & Air Cond., Inc. v. Hoffmann Air Cond. & Heating, Inc.*, 2022 WL 1718882, at *2 (E.D. Mo. May 27, 2022) (citing E.D. Mo. L.R. 2.17). That rule requires such redactions in order to "protect[] personal privacy and other legitimate interests," while also "promoting electronic access to case files." E.D.Mo. L.R. 2.17(A). As illustrated by the enactment of HIPAA, the privacy interest in personal health information is commonly regarded as equally legitimate. *See Jacam Chem Co. 2013, LLC v. Shepard*, 2021 WL 4942862, at *1 (D.N.D. Oct.. 22, 2021) ( "[T]he filing of certain highly confidential documents under seal, such as medical records, tax returns, or a chemical formula, is understandable . . . ."); *Olson v. Kopel*, 2016 WL 452132, at *2 (D. Minn. Feb. 5, 2016) (sealing the plaintiff's medical records).

While the public's right of access to private health information may outweigh an individual's privacy interest when the health information is material to the case, the private health information in Exhibit F is not apparently material to the ultimate resolution of this case. *Compare United States v. Hughes*, 2022 WL 19209, at * (E.D. Mo. Jan. 3, 2022) (declining to seal documents containing private medical information where such

3

information was "material to [the] motion" at issue), *with Feinwachs v. Minnesota Hosp. Ass'n*, 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (sealing the plaintiff's medical information because it was not at issue in the court's determination of the case before it, but warning that "if [plaintiff] places his medical condition at issue, it undermines his requests that information related thereto be sealed").  As it appears that sealing Exhibit F will therefore not "interfere with the interests served by the common-law right of access," the balance at this time weighs in favor of sealing the EMS Report.  *IDT Corp.*, 709 F.3d at 1223 (citing *Webster Groves Sch. Dist.*, 898 F.2d at 1376).

**II.**     **Exhibit E:  Deposition Testimony**

Defendant argues that Exhibit E, the deceased patient's spouse's deposition testimony, should be sealed because it contains sensitive information, and because the identity of the spouse (or patient—it is unclear from Defendant's Memorandum which individual Defendant is referring to) was revealed to Defendant pursuant to the parties' Protective Order, Doc. 21.  *See* Doc. 49 ¶¶ 2, 5.  Defendant highlights several portions of the deposition testimony that it believes contains sensitive information, including the name of the patient; the spouse's observations regarding the patient's chronic illness and frequent hospital visits; the spouse's description of the timeline of events at issue in this case; and the spouse's observations of the patient's medical status on the date of the ambulance transport at issue in this case.  *See* Doc. 50-1 (filed under seal).  Some of the spouse's testimony also appears to have been given following Defendant's use of Exhibit F to refresh her recollection.  *See, e.g.*, *id.* at 9:1-7, 10:10-16*.*

The fact that information was disclosed pursuant to the parties' protective order is not, on its own, a sufficient legal justification for sealing.  *See* E.D. Mo. L.R. 13.05(A)(3).  Defendant also states that the deposition testimony contains sensitive information, but it fails to provide any legal basis showing that sensitive medical information—specifically, information in the form of observations testified to by a private individual—must be sealed.  Nevertheless, for the same reasons stated in Section I, the Court finds that the public's right of access to a non-party's private health information does not outweigh that party's right to confidentiality when that private health information is not apparently decisive to the resolution to any disputed issue in the case.  Therefore, the names of the patient and the spouse shall be sealed.  Additionally, the following lines from the spouse's

4

testimony, Doc. 50-1, shall also be sealed:  8:22-25; 11:10-13; 14:9-11.  The remaining portions of the deposition that Defendant proposed be sealed either are not personal health information or are too material to the ultimate resolution of this case for the sealing party's interest to outweigh the public's right of access to the inner workings of judicial proceedings.  *See Hughes*, 2022 WL 19209, at *2; *IDT Corp.*, 709 F.3d at 1222.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sealing, Doc. [49], is **GRANTED in part and DENIED in part**.  Exhibit F, Doc. [50-2] shall be SEALED.  The following lines of testimony in Exhibit E, Doc. [50-1], shall be SEALED:  8:22-25; 11:10-13; 14:9-11.  Exhibit E shall be UNSEALED in all other respects.  Defendant shall therefore file a new unsealed copy of Doc. [50-1], with only the above lines redacted.

**IT IS FURTHER ORDERED** that, with respect to Doc. [50-1], because the Court has denied Defendant's Motion in part, this Order shall be **STAYED** for a period of **fourteen (14) days**, during which time Defendant may file a renewed motion for sealing, appeal this Order, or withdraw Doc. [50-1] entirely.  *See* E.D. Mo. L. R. 13.05(A)(4)(g).  If Defendant chooses to withdraw Doc. [50-1], it may not rely upon Doc. [50-1] in its Motion for Summary Judgment, Doc. [52], or that Motion's related filings, and it must remove any references to Doc. [50-1] contained therein.  If Defendant does not intend to withdraw Doc. [50-1], and intends to comply with the instructions above, it should promptly notify the Court of such intent.

Dated this 20th day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE